IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EDGAR L. GUINTHER**  **PLAINTIFF**
**ADC #100017**

V.  CASE NO. 5:18-CV-296-BSM-BD

**WENDY KELLEY,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Background**

Edgar Guinther, Anthony Lamar, Michael Snyder, Paul Latham, and Nickarlos A. Banks are inmates in the Arkansas Division of Correction (ADC). They filed a joint complaint on November 14, 2018, challenging the ADC's policy placing limits on inmates' correspondence and photographs. (Doc. No. 1) Under the Court's policy, a separate case was opened for each Plaintiff.

Plaintiffs in all of the individual cases claim that the ADC policy limiting inmates to three black-and-white photocopied pages per letter and retention of five photographs is unconstitutional.[1] (Doc. Nos. 1; 6) Mr. Guinther, however, also alleges that the ADC failed to deliver a letter from his mother on one occasion. (Doc. No. 6, p.13)

Defendants Kelley, Gibson, and Allen (Defendants) do not dispute the particulars of the inmate correspondence policy. They move for summary judgment, contending that the policy is constitutional. (Doc. No. 84) Mr. Guinther has responded to the motion in five documents filed with the Court: a response; a brief in support of response; a statement of facts; a declaration in support of response; and a motion to include extra evidence. (Doc. Nos. 89, 91, 92, 93, 94)

Mr. Guinther argues that the limits on inmates' correspondence and photographs are for prison administrators' convenience rather than for a valid penological reason. He also objects to the policy allowing officials to shred correspondence after copies of letters are delivered to the inmate without an appeal process. (Doc. No. 89)

### III.   Standard

Summary judgment means that the court rules in favor of a party without the need for a trial. A moving party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no

---

[1] The Court previously dismissed all other claims and Defendants. (Doc. Nos. 8; 12; 20; 22; 46; 59)

genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).

**IV.   Facts**

The material facts in these sister cases are not in dispute. The change in the ADC inmate correspondence and photograph retention policy was occasioned by a sharp rise in the introduction of synthetic drugs into ADC units through the prison mail system. (Doc. No. 84-8, ¶ 7) According to Defendant Wendy Kelley, who was Director of the ADC when the policy was changed, there were six incidents involving a synthetic drug known as K2 at the ADC in 2013. (Doc. No. 67-8, ¶ 10) By 2017, the number of K2-related incidents had jumped to 1,136. (Doc. No. 84-8, ¶ 14) In 2018, the average number of K2-related incidents decreased to approximately 63 per month. (Doc. No. 84-8, ¶ 43) The yearly number of K2-related incidents dropped from 1,136 in 2017 to 849 in 2018. (Doc. No. 84-8, ¶ 43) In 2019, the number of K2 incidents dropped to 542. (Doc. No. 84-8, ¶ 44)

As explained more fully in the Recommended Disposition filed in a companion case, *Banks v. Kelley*, *et al.*, Case No. 5:18cv293, Doc. No. 77, the ADC policy does not violate inmates' first or fourteenth amendment rights. The hardship caused by limiting inmates' incoming correspondence to three pages and limiting the number of retained photographs to five is reasonable given the grave danger synthetic drug use poses to

3

inmates and ADC staff, the burden and futility of other means available to thwart the introduction of drugs through tainted mail, and alternative means afforded inmates to correspond and view photographs.

As the undisputed evidence shows, inmates can access unlimited photographs through electronic means. Legal mail is not subject to the three-page limit, and inmates can receive an unlimited number of letters. The only burden on correspondence is the three-page limit per letter.

As explained in *Banks*, prison officials are entitled to deference in crafting prison policy. They are not required to analyze and exhaust every possible alternative before implementing reasonable policies to ensure safe, secure prisons. *Turner v. Safley*, 482 U.S. 78, 90-91 (1987).

### V.   Conclusion

In accordance with the Recommendation in *Banks v. Kelley, et al., supra*, the Court recommends that Defendants' motion for summary judgment in this case (Doc. No. 84) also be GRANTED. Mr. Guinther's claims should be dismissed, with prejudice.

The Clerk is directed to send Mr. Guinther a copy of the April 22, 2021 Recommendation for dismissal filed in *Banks v. Kelley, supra,* (Doc. No. 77) along with a copy of this Recommendation.

DATED this 12th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE